```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,         ORDER

        - against -                    CV 2005-2769 (NGG)(MDG)

NORTH SHORE-LONG JEWISH HEALTH SYSTEM,
INC.,

                    Defendant.
- - - - - - - - - - - - - - - - - - - -X
```

By letter dated December 29, 2005. defendant moves to compel the John Doe intervenor plaintiff to provide releases for records concerning his treatment received from medical service providers for the past then years. After reviewing the submissions, the motion is granted to the extent that follows.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to conduct discovery of "[r]elevant information ... [that] appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As the Advisory Committee noted, "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable.... [T]he determination whether such information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes to 2000 Amendments. However, "[w]hile

Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses." Collens v. City of New York, 222 F.R.D. 249, 253 (S.D.N.Y. 2004).

Although this case concerns a claim of discrimination on the basis of a mental disability, this Court agrees with defendant that records of the John Doe plaintiff's physical condition may lead to discovery of admissible evidence. As discussed in this Court's order dated November 30, 2005, John Doe alleged that he suffered significant physical consequences as a result of disclosure of his mental condition, including diarrhea, headaches and sleeplessness. Records of medical treatment may yield information on the extent of these physical ailments. The records may also indicate other reasons for John Doe's inability to work or other causes of his mental distress. See Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 134 (D.N.J. 2001) (at discovery stage, records may lead to causes of stress unrelated to defendant's conduct); Cuoco v. U.S. Bureau of Prisons, 98 Civ. 9009, 2003 WL 1618530, at *3 (S.D.N.Y. March 27, 2003) (permitting discovery to ascertain whether plaintiff's distress was caused by other circumstances); Evanko v. Elec. Systems Assoc., Inc., No. 91 Civ. 2851, 1993 WL 14458, at *2 (S.D.N.Y. Jan. 8, 1993) (noting that "gynecological problems" may affect plaintiff's emotional state).

However, the time periods for records sought by defendant is too long.  Given that the claims arose in 2003, defendant's attempt to obtain records for ten years is overreaching.  The releases should be limited to the period beginning 2002, one year before John Doe sought medical leave for treatment of his mental condition, to the present.

In addition, while this Court has no reason to doubt that plaintiffs' counsel have provided defendant all pertinent records of mental health treatment of John Doe that counsel has, this Court declines to limit defendant to the records provided by plaintiff.  John Doe is required to provide authorizations for all the records of treatment for medical, mental and psychological condition from 2002 to the present.

This Court also grants defendant's request for leave to re-examine John Doe, but only if, after examination of records obtained, defendant's counsel reasonably determines that a further deposition is necessary to inquire into information regarding new conditions or treatment contained in the records obtained that were not previously disclosed in discovery and that are relevant to the claims and defenses herein.  However, if, after preliminary inquiry, it appears that the medical condition or treatment has no bearing to the claims or defenses in this case, defendant must promptly terminate the line of questioning.

Last, notwithstanding the fact that John Doe has placed his mental condition at issue and is proceeding under a pseudonym, he nonetheless may have privacy interests in the records to be obtained.  Gill v. Defrank, No. 98 Civ. 7851, 2000 WL 270854 at

*12 (W.D.N.Y. March 9, 2000), mod'd on other grounds, 2000 WL 897153 (July 6, 2000) (plaintiff claiming inability to work due to certain specific medical restrictions did not waive right to privacy for other conditions). The parties also suggest that confidential information of non-parties may be contained in the records. The parties should confer and promptly submit to this Court a proposed protective order to address any privacy or confidential concerns that may arise in this case.

**SO ORDERED.**

Dated: Brooklyn, New York
January 10, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE